IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WATTERSON CONSTRUCTION CO.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>INTERNATIONAL DOOR, INC.,<br><br>　　　　　Defendant. | Case No. 3:21-cv-00047-JMK<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court at Docket 7 is Defendant International Door, Inc.'s (ID), Motion to Dismiss for Lack of Jurisdiction. The motion is fully briefed and the Court heard oral argument on August 5, 2021.[1] For the reasons explained below, ID's Motion is GRANTED. The action is dismissed without prejudice.

## I. BACKGROUND

Plaintiff Watterson Construction Co. (Watterson) brought this action alleging a variety of breach of contract claims against ID in relation to garage doors ID sold to Watterson for a construction project at Eielson Air Force Base in Fairbanks, Alaska.[2] ID is a door manufacturer located in Canton, Michigan. Watterson contacted ID

---

[1] Docket 21.
[2] Docket 1-2.

in 2017 to request a quote for 32 hangar doors. The quote provided by ID was accepted by Watterson and Watterson arranged to ship the doors from Michigan to Alaska. ID was not responsible for installation of the doors, although it did provide "limited field supervision for the assembly of one door."[3]

## II. STANDARD OF REVIEW

Where, as here, a defendant moves to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the burden of establishing the Court's personal jurisdiction over the defendant falls to plaintiff.[4] The Court considers uncontroverted allegations in plaintiff's complaint as true, and conflicts between the parties over statements contained in affidavits are resolved in favor of the plaintiff as well.

Where a case arrives in federal court due to diversity jurisdiction, and no federal statute governing personal jurisdiction applies, the Court must apply state law.[5] Thus, the Court looks to Alaska's long-arm statute, which authorizes the exercise of jurisdiction to the extent permitted by federal due process requirements.[6] The longstanding due process requirement remains that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[7]

---

[3] *Id.*
[4] *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990).
[5] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)).
[6] *Volkswagenwerk, A.G. v. Klippen, GmbH*, 611 P.2d 498, 500 (Alaska 1980).
[7] *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotations omitted).

*Watterson Construction Co. v. International Door, Inc.*     Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss     Page 2

Case 3:21-cv-00047-JMK    Document 26    Filed 12/27/21    Page 2 of 10

## III. DISCUSSION

ID's motion alleges that it does not have the minimum contacts with Alaska necessary to establish either general or specific personal jurisdiction in Alaska District Court. In opposition, Watterson has raised factual allegations that paint a very different picture of ID's activities in the State of Alaska. ID has provided certain evidence in response contradicting Watterson's allegations.

**A.     The Court Does Not Have General Personal Jurisdiction Over ID**

Watterson has alleged that ID's description of its business contacts with the State of Alaska is misleading, if not entirely inaccurate.[8] Watterson alleges first that ID's business activities establish general personal jurisdiction. Second, Watterson alleges that ID is one and the same entity as a company called American Industrial Door, Inc. (American), which Watterson alleges has significant contacts with the State of Alaska. American's business activities, Watterson alleges, should be imputed to ID and should establish the Court's general and specific personal jurisdiction over ID in this matter.

The parties are in near complete disagreement about the factual allegations in Watterson's Opposition. The facts regarding ID's business activities provide the basis for an analysis of the Court's jurisdiction in this matter; therefore, the Court will address each of Watterson's allegations in turn.

---

[8] Docket 9 at 2.

*Watterson Construction Co. v. International Door, Inc.*  Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss  Page 3

Case 3:21-cv-00047-JMK   Document 26   Filed 12/27/21   Page 3 of 10

### 1. ID is distinct from American.

Watterson's broader arguments about ID's presence in Alaska stem mainly from the allegation that ID and American "are *de facto*, one in the same company."[9] Watterson bases this allegation on business filings for ID and American in Michigan and Alaska, respectively. Those filings reflect the following commonalities between the two entities that ID does not dispute: (1) the businesses share the same address; (2) the same individuals own both businesses. Beyond these two facts, ID disputes the remainder of Watterson's allegations.

Watterson contends that ID and American have the same Michigan Entity Number, an identifier assigned by the Michigan Department of Licensing and Regulatory Affairs.[10] ID has provided annual corporate reports from 2020 for ID[11] and American[12] showing that Watterson is mistaken about the two companies' entity numbers. ID provided further explanation by way of filings from 1991[13] and 1993[14] that indicate when ID purchased American, American operated under the assumed name of ID for two years. Since that time, ID and American have been two distinct businesses serving two different, yet related markets (ID is a door manufacturer, while American is a door installer).

Watterson has approached this issue from a practical standpoint, based on its mistaken assertions regarding the entity numbers and corporate filings of the two

---

[9] *Id.* at 6.
[10] *Id.* at 7.
[11] Docket 12-1.
[12] Docket 12-4.
[13] Docket 12-6.
[14] Docket 12-7.

*Watterson Construction Co. v. International Door, Inc.*  Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss  Page 4
Case 3:21-cv-00047-JMK   Document 26   Filed 12/27/21   Page 4 of 10

companies. Without providing any legal authority, Watterson merely posits that the two are the same, and as such should be treated as one for purposes of this litigation. Having established that some of the facts on which Watterson relied to argue the two companies are the same for jurisdictional purposes are mistaken, the only remaining question related to the two entities is whether, due to the common ownership and location of the companies can American's activities be imputed to ID to establish general or specific jurisdiction in the Alaska District Court.

The Court sees no legal basis for determining, based solely on the location and ownership of the two businesses, that they should be considered the same entity. Watterson has not provided any theory by which the Court would pierce the corporate veil of either company, nor has it put forward facts or argument establishing what relationship the companies have for purposes of the Ninth Circuit's personal jurisdiction jurisprudence.[15] Thus, the Court will consider whether it may exercise jurisdiction over ID without consideration of American's activities in Alaska.

### 2. Watterson has not otherwise established the Court's general personal jurisdiction of ID.

Aside from American's contacts with the State of Alaska, Watterson argues the Court has general jurisdiction over ID. To exercise general jurisdiction, the Court must determine that ID's contacts with Alaska "are so substantial, continuous, and systematic

---

[15] *See Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) (discussing at length the "alter ego" theory of jurisdiction for related entities).

*Watterson Construction Co. v. International Door, Inc.*                      Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss                                                Page 5

Case 3:21-cv-00047-JMK    Document 26    Filed 12/27/21    Page 5 of 10

that the defendant can be deemed to be 'present' in that forum for all purposes."[16] "The standard for general jurisdiction is high; contacts with a state must 'approximate physical presence.'"[17]

Watterson relies solely on a "Project History/Customer Listing"[18] available on ID's website to support its contention that ID has, through its business activities, subjected itself to the general jurisdiction of the Court. Specifically, Watterson points to three entries on the listing, the Red Dog Mine, Alaska Airlines, and the State of Alaska to show that ID has said sufficient contact with the State of Alaska for this Court to exercise general jurisdiction. ID has clarified in response to Watterson's arguments relying on the project and customer listing that the Alaska Airlines project it provided doors for was located in Oakland, California, and that the listing stating "State of Alaska" was meant to note that its doors had been used in Alaska, specifically at the Red Dog Mine in 2009.[19] ID has submitted a sworn declaration from its President, John Kaounas, stating that it has not at any point contracted with the State of Alaska.[20]

Whether ID has sold doors for projects located in Alaska once or three times prior to its contract with Watterson, it has not had the kind of continuous and systematic contact required for this Court to exercise general jurisdiction in this matter.

---

[16] *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).
[17] *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006).
[18] Docket 9-1.
[19] Docket 12 at 3.
[20] *Id.*

Watterson Construction Co. v. International Door, Inc.     Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss     Page 6

Case 3:21-cv-00047-JMK     Document 26     Filed 12/27/21     Page 6 of 10

## B. The Court Does Not Have Specific Personal Jurisdiction Over ID.

Watterson relies on Alaska's long-arm statute, Alaska Stat. § 09.05.015 as a distinct basis for the Court to exercise specific jurisdiction over ID. Specifically, Watterson argues that Alaska Stat. §§ 09.05.015(a)(5)(A) and (E) apply to ID's conduct. Subsection (A) allows the Court to exercise specific jurisdiction in an action "that arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services in this state or to pay for services to be performed in this state by the plaintiff." Subsection (E) provides specific jurisdiction where an action "relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to the carrier occurred."

Watterson's reliance on Alaska's long-arm statute to the extent it construes it as distinct from federal due process jurisprudence, is misplaced. Although Alaska Stat. § 09.05.015 provides several specific grounds for jurisdiction, the Court's exercise of jurisdiction over ID is nonetheless constrained by federal due process. That is, the statute sets forth situations where the court has jurisdiction over an out-of-state defendant, but only "to the maximum extent permitted by due process under the federal constitution."[21] "Thus, 'the statutory and constitutional requirements merge into a single due process test,'

---

[21] *Harper v. BioLife Energy Systems, Inc.*, 426 P.3d 1067, 1071 (Alaska 2018) (internal quotation marks omitted).

*Watterson Construction Co. v. International Door, Inc.*     Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss     Page 7

Case 3:21-cv-00047-JMK     Document 26     Filed 12/27/21     Page 7 of 10

such that an analysis of [Watterson's] jurisdictional argument under the federal Due Process Clause is dispositive."[22]

The Ninth Circuit uses a three-part test to determine whether a defendant has sufficient contacts to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.[23]

"The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."[24] If the plaintiff succeeds, the burden shifts to the defendant to make a compelling case that exercising jurisdiction over him would be unreasonable.[25]

Under the first prong of the test, the court engages in a "purposeful availment" analysis for contract cases. The purposeful availment analysis requires the court to look at whether the non-resident defendant has "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum

---

[22] *Samson Tug & Barge Co., Inc. v. Koziol*, 869 F. Supp. 2d 1001, 1008 (D. Alaska 2012) (quoting *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1269 (9th Cir. 1981)).
[23] *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quotation omitted).
[24] *Id.* (quotation omitted).
[25] *Id.*

*Watterson Construction Co. v. International Door, Inc.*　　　　　　　　　　　　　Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

Case 3:21-cv-00047-JMK    Document 26    Filed 12/27/21    Page 8 of 10

state."[26] The existence of a contract alone does not constitute sufficient minimum contacts for jurisdiction; instead, the Court looks to "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."[27] Ultimately, the defendant's contacts with the forum have to be "substantial" not merely "random, fortuitous, or attenuated."[28] The defendant's actions in and connections with the forum State must be of a nature that "he should reasonably anticipate being haled into court there."[19]

Here, ID's contacts with Alaska amount nearly solely to the contract with Watterson that is the subject of this lawsuit.[29] The contract itself was for the purchase of doors manufactured by ID in Michigan. Although the doors purchased had to meet certain requirements for their use in Alaska, ID merely chose the appropriate materials to meet Watterson's specifications, it did not custom design a product for Watterson.[30] Perhaps most notably, ID did not ship the product to Alaska, instead providing it for shipment at Watterson's cost.

Watterson also points to the involvement of an American employee hired by ID to address issues with the doors raised by Watterson during the installation as a basis to

---

[26] *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988).
[27] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1958).
[28] *Id.* at 479.
[29] There is no indication ID markets its doors to Alaska, and it appears to have only entered one other contract with an entity located in Alaska prior to its contract with Watterson. *See* Docket 12.
[30] The government's specifications further support this view of the product as they requested a "commercially available door" for the project. Docket 12-2 at 1.

*Watterson Construction Co. v. International Door, Inc.*  Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss  Page 9
Case 3:21-cv-00047-JMK  Document 26  Filed 12/27/21  Page 9 of 10

find specific jurisdiction over ID. The Court finds this attempt to assist Watterson, without more, insufficient to establish purposeful availment in this case.

As to the second prong of the purposeful availment test, the Court considers whether Watterson's claims arise out of or relate to the defendant's forum-related activities. Watterson's claims relate largely to allegations of manufacturing defects—all of which would have to have occurred in a different forum, since the doors were not manufactured in Alaska. It is well established that the foreseeable harm of items placed into commerce in another forum cannot by itself support the exercise of personal jurisdiction.[31]

Based on the foregoing, the Court finds that the exercise of jurisdiction in this matter would not comport with the notions of fair play and substantial justice at issue where a defendant has the kind of limited contact with a forum that ID has with Alaska. ID's Motion to Dismiss is GRANTED, WITHOUT PREJUDICE.

IT IS SO ORDERED this 27th day of December, 2021, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[31] See *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

*Watterson Construction Co. v. International Door, Inc.*     Case No. 3:21-cv-00047-JMK
Order Granting Motion to Dismiss     Page 10
Case 3:21-cv-00047-JMK   Document 26   Filed 12/27/21   Page 10 of 10